UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES P. RYAN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF EVERETT MAYOR DEMARIA, RUSSO, BRETON, DESMOND, SHEEHAN, FINOCCHIO, FIELD, SOBOLOWSKI, CALDERWOOD, MURPHY, BERGE, DEKERMENJIAN, BARRINGER, MEJIA, KARIMI, VERNER, SILVIA, LEE, LEONE, SILVERSTEIN, AUSTIN, KOPELMAN, MONDANO, MILLER, FREEMAN, FOLEY, MYERS, DURETTE, DEMORE, CONLEY, UTKE, COGLIANO, LOONEY, STATE REP. MCGONAGLE, HEGERTY, DAY, SUPERIOR CLERK SULLIVAN, BOURQUIN, DA RYAN, O'NEIL, DA ROLLINS, GRANDA, O'CONNOR, RIDGE, GREENE, ST. LOUIS, LANDRY, DEVENEY, REUSCH, PHILLIPSON, FABRICANT, CARRION, MCLARNEY, BARRETT, ADAMS,<br><br>    Defendants. | C.A. No. 1:21-cv-11158-NMG |

**MEMORANDUM IN SUPPORT OF THE COMMONWEALTH DEFENDANTS' MOTION TO DISMISS**

      This action arises from Plaintiff James Ryan's grievances regarding a rental property that he owned 11 years ago in Everett, Massachusetts. Plaintiff challenges the evacuation of the property in 2009 due to alleged building code violations, the foreclosure on the property in 2010, and the purported failure of various individuals over the years to resolve his concerns about these proceedings. He has sued more than fifty defendants in the public and private sectors, most based on single conversations that he had with them years ago. Plaintiff appears to assert a claim

1

for purported violations of the Due Process Clause of the Fourteenth Amendment, a state claim for fraud and intentional misrepresentation, and a claim for civil relief under the Racketeering Influence and Corrupt Organizations Act ("RICO").[1]

Defendants Matthew Berge, Luz Carrion, Daniel Conley, Matthew Day, Vincent Demore, Gregory Dekermenjian, William Durette, the Hon. Judith Fabricant, Anne Foley, William Freeman, Michele Granda, Nicholas Hegerty, Gerald Leone, Maura Looney, Samuel Miller, Jack Myers, Dennis O'Connor, Mary O'Neill, Alexander Philipson, Eli Reusch, Rachael Rollins, Marian Ryan, Casey Silvia, Michael Sullivan and John Verner ("Commonwealth Defendants") move to dismiss the Complaint for several reasons. First, the claims are barred by the applicable statutes of limitations, as the Complaint is essentially a challenge to a foreclosure action from more than ten years ago. Second, the prosecutorial and judicial defendants are entitled to absolute immunity from Plaintiff's claims. Third, the Complaint fails to state a claim for which relief can be granted. The procedural due process claim fails because the Complaint does not plead the elements of a constitutional deprivation without adequate process. The Complaint also fails to plead the basic elements of either the civil RICO claim or the state law fraud and misrepresentation claim. Fourth, the *Rooker-Feldman* doctrine bars the Complaint. Fifth, the Commonwealth Defendants are entitled to qualified immunity from Plaintiff's claims. Finally, in the event that only the federal claims are dismissed, the Court should decline to exercise jurisdiction over the state law fraud and misrepresentation claims, which have no merit.

---

[1] The Complaint also cites and quotes 28 U.S.C. § 2680, *see* Compl. at 22-23, but that provision pertains to Chapter 28, which governs liability of the United States, not the Commonwealth of Massachusetts or state employees. *See* 28 U.S.C. §§ 2674, 2680.

2

## FACTUAL ALLEGATIONS[2]

In April 2009, Plaintiff was the owner of an eight-unit rental complex at 50 Liberty Street in Everett, Massachusetts ("Property"). On April 22, 2009, Plaintiff arrived at the Property to investigate a fire alarm and encountered the Building Inspector for the City of Everett, who ordered the Property to be vacated immediately. The Building Inspector stated that the building was a three-family unit, and that five of the rental units were illegal apartments. The tenants were forced to leave the premises until the building could be brought up to code, and Plaintiff was told that he would be arrested if he entered the Property. Soon thereafter, Plaintiff received notices of building code violations at the Property. Plaintiff alleges that he had not received prior notice of the violations, or an opportunity to correct them. Proceedings on the building code violations then followed in Malden District Court. During this time, Plaintiff was not allowed access to the Property, and claims he could not make the repairs necessary to make the Property available for rent and to pay his mortgage expenses. As a result, in June 2010, the Property faced foreclosure by US Bank National Association. Compl. at 2-4.

Following the foreclosure, Plaintiff spent eleven years attempting to obtain assistance in challenging the alleged actions that led to the foreclosure on his Property, which Plaintiff claims constituted a violation of his rights to due process. He also claims that he received an improper phone call during a deposition on March 7, 2016 from a witness, which he reported to various law enforcement and judicial officers ("2016 Phone Call").[3] Plaintiff's outreach regarding his concerns over the past 11 years have included contacts with the following Commonwealth

---

[2] The Commonwealth Defendants assume for purposes of this motion that the well-pled allegations in the complaint are true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[3] It is unclear from the Complaint what Plaintiff's specific concerns and allegations are regarding this phone call.

3

offices: the Middlesex County District Attorney's Office; the Suffolk County District Attorney's Office; the Attorney General's Office; the Massachusetts Trial Court and Supreme Judicial Court; the Massachusetts Inspector General's Office; and the Massachusetts Board of Bar Overseers.[4]

The allegations against the Commonwealth Defendants are as follows:[5]

**Middlesex County District Attorney's Office**

**William Freeman**: In September 2016, Freeman, Special Investigator with the Middlesex District Attorney's Office, met with Victim Advocate Anne Foley to discuss Plaintiff's concerns regarding the 2016 Phone Call Plaintiff received during discovery into his allegations about the Property. Freeman then investigated the concerns and confirmed that what Plaintiff said was true. Compl. at 13-14.

**Anne Foley**: In September 2016, Foley, a Victim Advocate with the Middlesex District Attorney's Office, met with Freeman to discuss Plaintiff's concerns regarding the 2016 Phone Call. Foley has not returned Plaintiff's phone calls. Compl. at 14.

**Gerald Leone**: In 2010, Leone, the former District Attorney for Middlesex County, determined that the City of Everett's actions regarding the Property did not involve corruption,

---

[4] The Complaint also asserts allegations against at least two additional current or former Commonwealth employees: Ronald Cogliano, Deputy Commissioner of the Massachusetts Division of Professional Licensure; and Warren Lee, former Assistant District Attorney with the Middlesex County District Attorney's Office. Plaintiff has filed neither proof of service that is compliant with Fed. R. Civ. P. 4, nor an executed waiver of service for either of these defendants. *See* ECF No. 69.

[5] Plaintiff mailed copies of the Complaint to the Commonwealth Defendants via certified mail. Most of these were sent not to their home addresses, but to the address of their current or former employer. *See, e.g.*, ECF No. 6, 37, 39, 42. Nevertheless, in an attempt to reduce the costs of service of process, the Commonwealth Defendants conveyed to Plaintiff that they would be willing to waive service. The Commonwealth Defendants were not provided, however, proper summonses or a form with which to convey their assent to the waiver of service.

and that the District Attorney's Office would not further investigate Plaintiff's allegations. Compl. at 11.

**Samuel Miller**:  In 2016, Plaintiff informed Miller, Assistant District Attorney with Middlesex County District Attorney's Office, of some of his conversations with others regarding the Property, and Miller stated that he would "take care of it."  Compl. at 13.

**Mary O'Neill**:  In July 2020, O'Neill, an investigator with the Middlesex District Attorney's Office, informed Plaintiff that the office was not pursuing his information and allegations and has refused to meet with Plaintiff.  Compl. at 17-18.

**Marian Ryan**:  Ryan is the District Attorney of Middlesex County.  Her office did not pursue Plaintiff's allegations.  Compl. at 17.

**Casey Silvia**:  Silvia, an Assistant District Attorney with the Middlesex County District Attorney's Office, reviewed documents relating to the Property in 2010 and reported that the Middlesex District Attorney's Office was not going to further investigate Plaintiff's allegations of corruption in the City of Everett.  In June 2020, Silvia referred Plaintiff to the Everett police department to file a civil rights complaint.  Compl. at 11.

**John Verner**:  Verner, an Assistant District Attorney with the Middlesex County District Attorney's Office, reviewed documents relating to the Property in 2010 and reported that the Middlesex District Attorney's Office was not going to further investigate Plaintiff's allegations of corruption in the City of Everett.  Plaintiff alleges that in "later years," Verner refused to provide new evidence regarding the alleged corruption to others in law enforcement or the courts.  Compl. at 10.

**Suffolk County District Attorney's Office**

**Daniel Conley**: Conley, the former District Attorney of Suffolk County, declined to investigate or pursue Plaintiff's allegations regarding his concerns about the 2016 Phone Call. Compl. at 15.

**Vincent Demore**: Demore, a former Assistant District Attorney with the Suffolk District Attorney's Office, declined to investigate or pursue Plaintiff's allegations regarding the 2016 Phone Call. Compl. at 15.

**William Durette**: Durette, an investigator with the Suffolk County District Attorney's Office, declined to investigate or pursue Plaintiff's allegations regarding the 2016 Phone Call. Compl. at 14.

**Michele Granda**: In July 2020, Granda, an investigator with the Suffolk County District Attorney's Office, did not pursue Plaintiff's allegations. Compl. at 18.

**Dennis O'Connor**: In August 2020, O'Connor, an investigator with the Suffolk County District Attorney's Office, stated that he would not bring an allegedly missing file to the attention of District Attorney Rollins. Compl. at 18.

**Rachael Rollins**: Rollins is the District Attorney of Suffolk County. Her office allegedly did not pursue Plaintiff's allegations that investigators were hiding evidence. She did not respond to Plaintiff's FOIA request. Compl. at 18.

**Massachusetts Attorney General's Office**

**Matthew Berge**: Berge, while an attorney with the Abandoned Housing Initiative of the Massachusetts Attorney General's Office ("AGO"), had a phone conversation with Plaintiff in 2009 regarding the Property, during which Berge did not inform Plaintiff of his purported rights under state law to remedy the building code violations. Compl. at 9.

**Gregory Dekermenjian**:  Dekermenjian, a former attorney with the AGO's Abandoned Housing Initiative, had a phone conversation with Plaintiff in 2009 regarding the Property, during which Dekermenjian did not inform Plaintiff of his purported rights under state law to remedy the building code violations.  Dekermenjian was also involved in the appointment of a receiver for the Property and with the Malden District Court proceedings regarding the Property.  Compl. at 9.

**Eli Reusch**:  Reusch, an Assistant Attorney General with the AGO, did not bring new information to the Superior Court's attention regarding Plaintiff's allegations.  Compl. at 19-20.

**State Court Officers**

**Matthew Day**:  Day is with the Middlesex Superior Court Clerk's Office.  Clerk Day allegedly did not bring information regarding Plaintiff's allegations to the attention of Clerk Michael Sullivan.  Compl. at 17.

**Hon. Judith Fabricant**:  Judge Fabricant is the Chief Justice of the Massachusetts Trial Court.  She allegedly did not bring information regarding Plaintiff's allegations to the attention of Superior Court Judge the Hon. Peter Krupp, who was assigned to a litigation in which Plaintiff was a party.  Compl. at 20.

**Nicholas Hegerty**:  Hegerty is with the Middlesex Superior Court Clerk's Office.  On April 17, 2020, Clerk Hegerty found a filing by Plaintiff with allegations regarding the 2016 Phone Call, but allegedly did not bring the information to the attention of Clerk Michael Sullivan.  Compl. at 16.

**Maura Looney**:  Looney is the Assistant Clerk of the Massachusetts Supreme Judicial Court.  On January 3, 2020, Clerk Looney stated that Plaintiff's information regarding his

allegations about the 2016 Phone Call was rejected and needed to be sent back to the Middlesex Superior Court Clerk's Office.  Compl. at 16.

**Alexander Philipson**:  Philipson, with the Massachusetts Trial Court, did not bring information regarding Plaintiff's allegations to the attention of Judge Krupp.  Compl. at 20.

**Michael Sullivan**:  Sullivan, the Clerk of the Middlesex County Superior Court, allegedly refused to meet with Plaintiff regarding his allegations regarding the 2016 Phone Call or filed documents that were allegedly missing.  Compl. at 17.

### Massachusetts Board of Bar Overseers

**Luz Carrion**:  Carrion, with the Massachusetts Board of Bar Overseers, investigated Plaintiff's claims against his attorney, and did not allow Plaintiff to provide all of his documentation regarding the allegations.  She also declined to investigate Plaintiff's claims regarding other attorneys and law firms.  Compl. at 20.

### Massachusetts Inspector General's Office

**Jack Myers**:  Myers, an investigator with the Massachusetts Inspector General's Office, did not bring information regarding Plaintiff's allegations to others in state government.  Compl. at 14.

### ARGUMENT

Plaintiff brings claims for violations of procedural due process pursuant to 42 U.S.C. § 1983, state law claims of fraud and misrepresentation, and a civil RICO claim.  These claims must be dismissed on the grounds of statute of limitations, absolute immunity, failure to state a claim upon which relief can be granted, the *Rooker-Feldman* doctrine, and qualified immunity.  In the event that the state law claims otherwise survive the motion to dismiss, the Court can and should decline to exercise its supplemental jurisdiction over the state law claims.

I.      **PLAINTIFF'S CLAIMS ARE UNTIMELY.**

Plaintiff makes claims regarding the 2009 and 2010 proceedings surrounding the foreclosure on his Property, but those claims must be dismissed because he failed to assert them within the applicable limitations period.

With respect to his due process claim pursuant to 42 U.S.C. § 1983, such claims borrow the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (1st Cir. 2005). In Massachusetts, the general personal injury statute of limitations is three years. M.G.L. ch. 260, § 2A. Here, Plaintiff alleges only one constitutional deprivation—the foreclosure on the Property in 2010. In a Section 1983 case concerning the unlawful taking of property, the statute of limitations begins to run on "the date of the wrongful appropriation." *Altair Corp. v. Pesquera de Busquets*, 769 F.2d 30, 32 (1st Cir. 1985). The limitation period for Plaintiff's due process claim therefore expired in 2013, three years after the foreclosure. Plaintiff's Complaint filed in 2021 is untimely.

Plaintiff's state law claim for fraud and misrepresentation also has a limitations period of three years. M.G.L. c. 260, § 2A. Here, to the extent this claim arises from the foreclosure of the Property in 2010, it is time-barred, and any claims arising from any statements by the Commonwealth Defendants made on or before July 15, 2018—three years before the Complaint was filed—are untimely.

With respect to Plaintiff's civil RICO claim, such claims have a limitations period of four years after the plaintiff discovered or should have discovered his injury. *Rotella v. Wood*, 528 U.S. 549, 557 (2000). To the extent Plaintiff's claim involves the foreclosure of his Property, it is barred, as are any claims involving any actions taken before July 15, 2017.

## II. THE PROSECUTORIAL AND JUDICIAL DEFENDANTS HAVE ABSOLUTE IMMUNITY FROM PLAINTIFF'S CLAIMS.

The prosecutorial and judicial defendants among the Commonwealth Defendants have absolute immunity from Plaintiff's claims. With respect to the defendants from the Middlesex and Suffolk County District Attorneys' Offices[6]—attorneys and investigators—Plaintiff alleges that they did not investigate his claims thoroughly. Prosecutors are protected by absolute immunity for administrative obligations and decisions regarding criminal proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Here, Plaintiff challenges the decisions of prosecutorial staff in the Middlesex and Suffolk District Attorneys' Offices regarding whether and how to investigate Plaintiff's allegations of corruption and other misconduct—decisions regarding criminal proceedings for which they are immune. *See supra* at 4-6.

With respect to the state court judge and judicial clerk defendants,[7] they are entitled to judicial immunity from Plaintiff's claims. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (finding absolute immunity for judicial acts); *Harper v. Begley*, 37 F.3d 1484 (Table), 1994 WL 577488, at *1 (1st Cir. 1994) ("Absolute immunity from damages . . . is extended to court officials other than judges when the officials perform judicial functions . . . ."); *Slotnick v. Staviskey*, 560 F.2d 31, 32 (1st Cir. 1977) (holding that judicial immunity applies to clerks of court to the same extent as to judges). Here, Plaintiff challenges essential judicial functions allegedly performed by Judge Fabricant and clerk staff at the Supreme Judicial Court and Superior Court in the processing and resolution of Plaintiff's claims and his other submissions to the courts, all of which fall within the scope of judicial immunity. *See supra* at 7-8.

---

[6] Daniel Conley, Gerald Leone, Samuel Miller, Rachael Rollins, Marian Ryan, Casey Silvia, and John Verner.

[7] Matthew Day, the Hon. Judith Fabricant, Nicholas Hegerty, Maura Looney, Alexander Philipson, and Michael Sullivan.

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

Because the Complaint fails to state a claim upon which relief can be granted, it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

#### A. The Complaint Fails to State a Claim for Violations of Due Process.

Under the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to establish a procedural due process claim under Section 1983, a plaintiff must first prove (1) that he has a property interest as defined by state law, and (2) that the defendant, acting under color of state law, deprived him of that property interest without a constitutionally adequate process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *PFZ Props., Inc. v. Rodríguez*, 928 F.2d 28, 30 (1st Cir. 1991). The Complaint fails to satisfy this standard in several ways.

First, the Complaint fails to allege that the Commonwealth Defendants deprived Plaintiff of a property interest. Plaintiff seems to challenge the circumstances surrounding the foreclosure on the Property in Everett, but does not allege that any of the Commonwealth Defendants had any involvement in effecting that foreclosure. *See* Compl. at 1-3, 9.

Second, the Complaint does not allege he was deprived of due process. With respect to his pre-deprivation due process, Plaintiff does not allege that he was deprived of notice before the foreclosure or of an opportunity to be heard. *See supra* at 4-8. With respect to his post-deprivation due process, Plaintiff seems to allege that the Commonwealth Defendants at the District Attorneys' Offices and AGO, Inspector General's Office, and the Board of Bar Overseers did not properly investigate his various allegations in the aftermath of the foreclosure and the many years since. *See id*. A discretionary decision regarding an investigation or inquiry, however, does not rise to the level of constitutionally inadequate process. "A private citizen

11

lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, "[t]here is no constitutional right to a police investigation, adequate or otherwise." *Thibeault v. Brown*, No. CA 12-10333-PBS, 2013 WL 120123, at *5 (D. Mass. Jan. 8, 2013); *see also Hayden v. Grayson*, 134 F.3d 449, 452 (1st Cir. 1998) ("there is no constitutional right to police protection"). An alleged failure "to conduct an adequate investigation is not sufficient to state a civil rights claim under Section 1983 'unless there was another recognized constitutional right involved.'" *Williams v. City of Boston*, 771 F. Supp. 2d 190, 200 (D. Mass. 2011) (quoting *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985)); *see also Jacobs v. Mass. State Police*, No. 1:19-CV-12262-IT, 2021 WL 848025, at *3 (D. Mass. Mar. 5, 2021).

Moreover, if there are post-deprivation remedies available under state law, the constitutional due process claim is not actionable. *Lu v. Emergency Shelter Comm'n of City of Boston*, 2 F. App'x 12, 14 (1st Cir. 2001) (a "procedural due process claim is not actionable unless, inter alia, no adequate 'post-deprivation remedy' is available under state law") (quoting *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994)). Here, the Complaint alleges that Plaintiff engaged in state court proceedings regarding the building code violations and the foreclosure on the Property. Because such state law remedies and procedures were available to him, Plaintiff's federal due process claim is simply not actionable.

### B. The Complaint Fails to State a Claim Under the RICO Statute.

The Complaint asserts entitlement to relief under civil RICO law, presumably in reference to 18 U.S.C. §§ 1961-1968, but fails to state a civil RICO claim against the Commonwealth Defendants. To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege each of the four elements required by the statute: "(1) conduct (2) of an enterprise (3)

12

through a pattern (4) of racketeering activity." *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 14-15 (1st Cir. 2000) (internal citations and quotation marks omitted). By statute, the "pattern" element requires a plaintiff to show at least two predicate acts of "racketeering activity," which is defined to include violations of specified federal laws, such as the mail and wire fraud statutes. *See id.* (citing 18 U.S.C. § 1961(1)(B)(5)). Here, the Complaint fails to allege any violations of federal laws by the Commonwealth Defendants, let alone two or more predicate acts that could constitute a "pattern." Instead, the Complaint merely complains that the Commonwealth Defendants did not pursue his claims in the way that he thought they deserved. Such concerns do not form the basis of a civil RICO claim.

### C. Plaintiff Fails to State a Claim for Fraud or Misrepresentation.

#### 1. Plaintiff Fails to Satisfy the Pleading Requirements for Alleging Intentional Misrepresentation.

To state a claim for fraud or intentional misrepresentation under Massachusetts state law, a plaintiff must allege that (1) the defendant made a misrepresentation of fact; (2) it was made with the intention to induce another to act upon it; (3) it was made with the knowledge of its untruth; (4) it was intended that it be acted upon, and that it was in fact acted upon; and (5) damage directly resulted therefrom. *See Equip. & Sys. For Indus., Inc. v. Northmeadows Const. Co.*, 59 Mass. App. Ct. 931, 931 (2003). At a minimum, a plaintiff alleging fraud must identify the person making the representation, the contents of the misrepresentation, and where and when it took place. *Id.* In addition, the plaintiff should specify the materiality of the misrepresentation, its reliance thereon, and resulting harm. *Id.*

Here, Plaintiff has failed to allege any statement by any Commonwealth Defendant that was materially false at the time it was made, let alone its materiality or how Plaintiff relied upon it. The only statements allegedly made by the Commonwealth Defendants are statements

13

regarding whether they believed Plaintiff's allegations and statements regarding whether certain actions would be taken in the future regarding Plaintiff's concerns.  *See* Compl. at 9-20.  The former category of statements is not challenged by Plaintiff as false, while the latter category consists of "statements of opinions" or "of conditions to exist in the future," which are not actionable.  *Yerid v. Mason*, 341 Mass. 527, 530 (1960).

Such allegations also fail to satisfy the heightened pleading burden for allegations of fraud or misrepresentation.  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  This means a complaint must "(1) specify the statements that the Plaintiff contends were fraudulent (2) identify the speaker (3) state whether and when the statements were made and (4) explain why the statements were fraudulent."  *Suna v. Bailey Corp.*, 107 F.3d 64, 68 (1st Cir. 1997).  The Complaint makes no such allegations against the Commonwealth Defendants.  It alleges simply that some of the Commonwealth Defendants engaged in certain communications with Plaintiff regarding his concerns about the Property, and that some of the Commonwealth Defendants did not pursue those concerns in the way that Plaintiff desired.  He has not identified a statement by any Commonwealth Defendants that was fraudulent at the time it was made, or why Plaintiff claims it was fraudulent.  Because his allegations fail to meet the standard under Rule 9, the claims based on fraud or misrepresentation must be dismissed.[8]

---

[8] Plaintiff also refers to a fraud claim under Rule 10b-5, presumably in reference to SEC Rule 10b-5 and Section 10 of the Securities and Exchange Act of 1934.  *See* Compl. at 21-22.  That claim, of course, is inapposite here, where there is no allegation regarding the sale or purchase of stocks or other securities.

### 2. The Commonwealth Defendants Cannot Be Liable for Negligent Misrepresentation.

To the extent Plaintiff seeks to assert a claim for negligent misrepresentation under state law, the claim is barred. The Massachusetts Tort Claims Act permits tort claims to be brought against the Commonwealth for the negligent acts of its employees. M.G.L. ch. 258, § 2. The employees themselves, however, are immune from suit for acts of negligence. *Id.*; *see also Maciorowski v. Schwarzenbach*, 2010 Mass. App. Div. 257, 2010 WL 4951029, at *4 (Dec. 3, 2010) (state employee defendant was immune from claim of negligence).

### D. The Complaint Fails to Satisfy Rule 8 Pleading Requirements.

Rule 8(a) requires a plaintiff to include in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (internal quotes omitted). In a civil rights action, the complaint should set forth at least "minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Failure to satisfy the Rule 8 pleading requirements is a basis for dismissing the complaint pursuant to Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Plaintiff's only allegations against the Commonwealth Defendants are that they did not investigate or pursue Plaintiff's claims or process Plaintiff's court filings in the manner that Plaintiff believed they deserved. Compl. at 9-20. Such allegations fail to put the Commonwealth Defendants on notice of what actions they allegedly took that are constitutional deprivations, a denial of due process, or a false statement. *See Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir. 1979) (holding that even a pro se complaint must be "backed up with enough supportive facts to outline the elements of the pleader's claim").

## IV.     THE *ROOKER-FELDMAN* DOCTRINE REQUIRES DISMISSAL OF THE COMPLAINT.

The Complaint is subject to dismissal for the independent reason that the *Rooker-Feldman* doctrine bars the review that Plaintiff seeks. Under the Rooker-Feldman doctrine, "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Atlantic Coast Line R. Co. v. Brotherhood of Loc. Eng'rs.*, 398 U.S. 281, 296 (1970); *see also District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Coggeshall v. Mass. Bd. of Reg. of Psychologists*, 604 F.3d 658, 663 (1st Cir. 2010). The doctrine applies specifically to "bar[] parties who lost in state court from 'seeking review and rejection of that judgment' in federal court." *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 68 (1st Cir. 1998) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). Here, the *Rooker-Feldman* doctrine applies to bar the Complaint. In state court judicial proceedings prior to this lawsuit, the Malden District Court entered a judgment on the forfeiture action for the Property.[9] Plaintiff has indisputably challenged the forfeiture action through the state court system, and those proceedings have fully and completely ended. Because the *Rooker Feldman* jurisdictional bar applies "where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," it applies here. *See McKenna v. Curtin*, 869 F.3d 44, 47-48 (1st Cir. 2017) (internal quotations omitted).

## V.      THE COMMONWEALTH DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

The claims are further subject to dismissal because all the Commonwealth Defendants are entitled to qualified immunity. The qualified immunity doctrine shields state officials from suit

---

[9] Plaintiff also seems to allege that he initiated an action in Superior Court, the Appeals Court, and the Supreme Judicial Court, but does not provide allegations regarding the disposition of those actions. *See, e.g.*, Compl. at 20.

16

when their conduct did "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018). A plaintiff must satisfy two prongs to overcome a qualified immunity defense: (1) whether the facts make out a violation of a statutory or constitutional right; and (2) if so, whether the right was "clearly established" at the time of the violation. *Rocket Learning, Inc. v. Rivera-Sanchez*, 715 F.3d 1, 8 (1st Cir. 2013). Here, the Commonwealth Defendants are entitled to qualified immunity not only because their conduct does not rise to the level of a statutory or constitutional violation, *see infra* Part III, but also because even if it did, such a right was not clearly established at the time of the events.

## VI. THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION OVER THE STATE LAW CLAIM.

Even if the Court were inclined to find that the Complaint had stated a timely and well-pleaded claim of fraud or misrepresentation, the Court should decline to exercise jurisdiction over that state law claim. Although the exercise of supplemental jurisdiction is discretionary, *see Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1995), generally, the dismissal of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state law claims. *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir. 1995) (affirming the dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed"). If the federal law claims are resolved well before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will

point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

## **CONCLUSION**

For the foregoing reasons, the Commonwealth Defendants respectfully request that the Court dismiss the Complaint against them with prejudice.

Respectfully submitted,

Defendants Matthew Berge, Luz Carrion, Daniel Conley, Matthew Day, Vincent Demore, Gregory Dekermenjian, William Durette, the Hon. Judith Fabricant, Anne Foley, William Freeman, Michele Granda, Nicholas Hegerty, Gerald Leone, Maura Looney, Samuel Miller, Jack Myers, Dennis O'Connor, Mary O'Neill, Alexander Philipson, Eli Reusch, Rachael Rollins, Marian Ryan, Casey Silvia, Michael Sullivan and John Verner

By their Attorneys

MAURA HEALY
ATTORNEY GENERAL

/s/ Katherine B. Dirks
Katherine B. Dirks, BBO# 673674
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 963-2277
katherine.dirks@mass.gov

Date:   October 8, 2021

## CERTIFICATE OF SERVICE

I, Katherine B. Dirks, Assistant Attorney General, hereby certify that I have this day, October 8, 2021, served the foregoing document, upon all parties, by electronically filing to all ECF registered parties and by sending a copy, first class mail, postage prepaid to:

James P. Ryan
1268 Broadway, Unit C, #247
Saugus, MA 01906

/s/ Katherine B. Dirks
Katherine B. Dirks