IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

BOSTON DIVISION

| | | |
|---|---|---|
| James P. Ryan, | ) | |
| Plaintiff, Pro Se | ) | CIVIL CASE NO: 1:21-CV-11158 - NMG |
| Vs. | ) | |
| Carlo DeMaria, Jr. | ) | |
| et. Al | ) | |
| Defendants | ) | |

COMPREHENSIVE RESPONSE TO RECOMMENDATION TO DISMISS

NOW COMES, James P. Ryan, Plaintiff (hereafter "Plaintiff". Pro Se, in the above Civil Action to give this comprehensive conclusive response in Opposition, to the Recommendations to Dismiss. United States District Court Fed.R. Civ.P.72 (b) Plaintiff hereby objects to the proposed findings and recommendations. Pro Se Plaintiff, James P. Ryan hereby files the specific written objections with the Clerk.

Plaintiff identifies Portions of the Findings.

1. Plaintiff filed the Complaint on July 15th, 2021 and on page 23 stated a Motion Seeking Legal Counsel to be appointed due to the Plaintiff's extraordinary attempts to obtain Counsel, but, La Cosa Nostra elements cited by the potential Attorneys prevented Plaintiff from obtaining Counsel. In fact, Judge Gorton is well aware of the organized crime elements involved from some of his former Cases with Associates of these Witnesses and Defendants. Also, multiple Massachusetts Law Enforcement Participants in this Matter hinder the Plaintiff from obtaining Counsel.

2. Federal Courts can appoint Counsel for Plaintiffs in Civil Rights Cases. Specifically, in 28 U.S.C, 1915 (e) (i), which reads in full: "the Court may request an Attorney to represent any person unable to afford Counsel". Previously, this used to be found in 28 U.S.C. 1915(d), but, it was moved to its present location. Most of the Cases refer to 1915 (d), but, they will apply to the new 1915 (e)(i) as well, because the language is nearly identical.

3. The Case has merit evidenced by the Federal and State Law Enforcement Investigations into The Everett City Hall stated by various Law Enforcement Officials beginning as far back as 2009 and up to 2021 according to the Middlesex District Attorney's Office. In fact, the Middlesex District Attorney's Office found evidence of Witness Tampering and Obstruction Of Justice with the Contact from Gennaro Angiulo's Office to the Plaintiff while being deposed at the Law Offices of KPLaw for the City of Everett. Both Defendants in this Case and Gennaro



Angiulo the Witness.

4. This Case is Complex. This Case turns on how the Jury will review the complicated facts.

5. It is unfair for the Plaintiff to represent himself. Rayes v. Johnson 969 F2d 700 8th Cir is an example of an inability to obtain necessary Documents. In fact, the Attorney General's Office has authorized taxpayer's money to be used up to one million dollars to protect Defendant Atty John Verner. The same Attorney General's Office that the Plaintiff contacted in 2009 to report this crime. On April 12, 2022, taxpayer funded Attorney Patrick Hanley from Butters and Brazilian is being charged with Perjury because he testified in Defendant Verner's Criminal Hearing on November 18th, 2021 that Essex County District Attorney Jonathon Blodgett wanted the Angiulo Office Witness Tampering Issue dismissed. In fact, DA Blodgett's Office has stated that Attorney Hanley gave false testimony.

6. Please note also, that Defendant Attorney John Verner's Middlesex District Attorney Files are missing from his first meeting with the Plaintiff in 2010 according to Middlesex D.A. Special Investigator Will Freeman. Farmer v. Hass, 990F.2d 319, 312 (7thCir) 510 U.S. 963 (1993) McDonald v. Head, Criminal Court Supervisor. 850 F.2d 121 124 (2d Cir 1988)
A LACK OF COUNSEL WILL PREVENT PLAINTIFF FROM HAVING A FAIR TRIAL
Exhibit *

## MOTION TO CHANGE VENUE

1. On December 10,2021, Pro Se Plaintiff, James P. Ryan, filed a Motion to Change Venue due to a change in circumstances. Changing the Venue is the only fair way to find Justice for the Plaintiff. Multiple State and Federal Law Enforcement Investigators are both Witnesses and Defendants in this Case besides U.S. District Attorney Rollins.

    Reyes v. Schuttenberg Case had a Venue Change for interests of Justice. Judge Gorton has had procedural issues with Associates of the La Cosa Nostra Associates of this Matter. It is possible that Judge Gorton at 84 years old doesn't have the stomach to deal with organized crime Matters as he has in the past.

2. Multiple Defendants and Witnesses have conflicts of interest within the Massachusetts Law



Enforcement Community and a Venue Change outside of Massachusetts would be the only place to find Justice.

*This is Plaintiff's objections to Court's Termination*

## CONCLUSION

WHEREFORE, Plaintiff prays this Court will consider his response to the Recommendations, and set this Matter for the further processing as consistent with Federal Law.

Respectfully Submitted this ......10th...... of March, 2022

_____
James P. Ryan, pro se

*In the Deposition I was asked if Gennaro Angiulo was the Head of N.E. Organized Crime and I received a call from his office while still being Deposed. It isn't Alleged m. You have seen the Evidence.*

Exhibit * Perjury Hearing Notice for Attorney Pat Hanley

### CERTIFICATE OF SERVICE

I, James P. Ryan, Plaintiff, Pro Se, do solemnly swear that a true and correct copy of the foregoing pleading has been hand delivered to the Clerk of this Court, and all the defendants listed in this Matter, via the United States Postal Service

_____
James P. Ryan, Pro Se, 1268 Broadway, Unit C, #247, Saugus, MA. 01906    Tel.781-520-0612

③