**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES P. RYAN, )<br>Plaintiff, )<br> )<br> v. )<br> )<br>CARLO DEMARIA, JR., et al., )<br>Defendants. )<br> )<br> ) | Civil Action No.<br>21-11158-NMG |

**ORDER**

**GORTON, J.**

On March 4, 2022, an Order of Dismissal entered in
accordance with the March 3, 2022 adoption of the Magistrate
Judge's Report and Recommendation of dismissal.  See Docket Nos.
133, 134.  More than one month after this case was closed, on
April 14, 2022, the pro se plaintiff filed a motion, see Docket
No. 137, which was denied by the Court on May 31, 2022.  See
Docket No. 138.  The Court's order explained that the motion
provided no jurisdictional basis for reopening and, to the
extent plaintiff seeks to have this federal court remove counsel
from state court proceedings, this Court is without jurisdiction
to do so. Id.

Almost one month after the denial of this motion, on June
29, 2022, plaintiff filed a notice of appeal of the March 4,
2022 Order of Dismissal and the May 31, 2022 Order.  See Docket
No. 139.  The pro se plaintiff paid the $505 appeal fee, see

Docket No. 140, and the United States Court of Appeals for the First Circuit assigned the appeal No. 22-1513.  See Docket No. 142.

On July 26, 2022, the pro se plaintiff filed a motion seeking permission to file his appeal "out of time."  See Docket No. 144.  The pro se plaintiff states, in part, that he "offers to take a Polygraph to prove the Plaintiff did not receive a Copy of the Response from the Court after Plaintiff Filed the Opposition Documents on March 11, 2022."  Id.  Attached to the motion are copies of emails that the pro se plaintiff sent to a clerk.  Id.

Here, the Court construes the pro se motion as seeking an extension of time for appeal of the final judgment under Fed. R. App. P. 4(a)(5).  Under Rule 4(a)(5), a federal district court is authorized to extend the time to file a notice of appeal "if ... a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

Here, as the final judgment was entered on March 4, 2022, the deadline for the pro se plaintiff to file his notice of appeal under Rule 4(a)(1) was April 4, 2022.  Plaintiff filed his notice of appeal on June 29, 2022 – well outside of Rule 4(a)(5)'s 30-day period for moving for an extension of time to

file a notice of appeal of the final judgment.  Because

Plaintiff's notice of appeal of the final judgment is filed

outside the 30-day period for moving for an extension of time to

appeal the judgment, the Court finds he has not met the time

limits in Rule 4(a)(5), and thus, the Court cannot grant an

extension irrespective of any good cause or excusable neglect.

To the extent the motion can be construed as a motion to

reopen the time for an appeal of the final judgment under Rule

4(a)(6), this rule authorizes a district court to reopen the

time to file an appeal, but only if the following conditions are

satisfied:

> (A) the court finds that the moving party did not receive
> notice under Federal Rule of Civil Procedure 77(d) of the
> entry of the judgment or order sought to be appealed within
> 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment
> or order is entered or within 14 days after the moving
> party receives notice under Federal Rule of Civil Procedure
> 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.[1]

Fed. R. App. P. 4(a)(6). Even if all three conditions are met,

the Court has discretion to decide whether to reopen the time to

---

[1] Rule 77(d) provides that "the clerk must serve notice of the entry [of an order or judgment], as provided in Rule 5(b), on each party who is not in default for failing to appear." Fed. R. Civ. P. 77(d)(1). Rule 5(b) provides that "[a] paper is served under this rule by ... mailing it to the person's last known address - in which event service is complete upon mailing." F. R. Civ. P. 5(b)(2)(C).

appeal. See Fed. R. App. P. 4(a)(6) (stating that a court "may" reopen the time to appeal if the above conditions are met).

The record in this matter affirmatively shows that copies of the March 2022 Orders were mailed to the pro se plaintiff at the address on the docket.  See Docket No. 135.  There is no indication on the record that the envelope was returned to the Court as undeliverable.  See Docket.

Although the pro se plaintiff now avers that he did not receive notice of the final judgment, it appears he received, and responded to many other Court orders.  See Docket.  In fact, plaintiff responded 9 days after the issuance of the magistrate judge's January 25, 2022 Report and Recommendation.  See Docket No. 130.  Attached to the pending motion are copies of several email messages that plaintiff sent to the clerk.  Notably, plaintiff failed to include the reply email message that were sent by the clerk.

Under the circumstances, the Court, in its discretion, concludes that re-opening of the appeal period for the order of dismissal under Fed. R. App. P. 4(a)(6) is not merited.

Accordingly, for the foregoing reasons, it is

ORDERED that Plaintiff's Motion (Docket No. 144) for an Out of Time Appeal of the March 4, 2022 Order of Dismissal, treated as either a motion to extend time for filing a notice of appeal under Fed. R. App. P. 4(a)(5)(A)(i) or a motion to reopen the

4

time to appeal under Fed. R. App. P. 4(a)(6), is DENIED.  The

Clerk shall transmit a copy of this Order to the United States

Court of Appeals for the First Circuit.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: August 2, 2022